**UNITED STATES of America,**
**Plaintiff–Appellee,**

v.

**Damon EICHELBERGER,**
**Defendant–Appellant.**

No. 02–4316.

United States Court of Appeals,
Fourth Circuit.

Submitted Dec. 17, 2002.

Decided Jan. 9, 2003.

James Wyda, Federal Public Defender, Denise C. Barrett, Assistant Federal Public Defender, Baltimore, Maryland, for Appellant. Thomas M. DiBiagio, United States Attorney, Christopher J. Romano, Assistant United States Attorney, Baltimore, Maryland, for Appellee.

Before NIEMEYER, MICHAEL, and TRAXLER, Circuit Judges.

Affirmed by unpublished PER CURIAM opinion.

**OPINION**

PER CURIAM.

Damon Eichelberger pled guilty to being a felon in possession of a firearm, 18 U.S.C. § 922(g)(1) (2000). The presentence report calculated two criminal history points for an adult conviction in Baltimore, Maryland, for the unauthorized use of a motor vehicle. Eichelberger filed an objection to the presentence report stating the Maryland conviction was uncounseled and therefore should not be considered a prior sentence within the meaning of *U.S. Sentencing Guidelines Manual* § 4A1.2 (2000), and thus should not be counted toward his history score. The Government presented the Maryland state court record at the sentencing hearing, including a transcript of the guilty plea hearing. The district court found Eichelberger voluntarily and knowingly waived his right to counsel in the Maryland proceeding. Finding no error we affirm Eichelberger's sentence.

A defendant may collaterally challenge a prior conviction on the ground that he was denied counsel with regard to the prior conviction, and that the conviction is currently being used to enhance his sentence. *See Custis v. United States,* 511 U.S. 485, 496, 114 S.Ct. 1732, 128 L.Ed.2d 517 (1994); *United States v. Bacon,* 94 F.3d 158, 159 (4th Cir.1996). Determination of a waiver of the right to counsel is a question of law that we review de novo. *United States v. Singleton,* 107 F.3d 1091, 1097 n. 3 (4th Cir.1997). The defendant bears the burden of showing the prior conviction's invalidity with state court records or corroborating testimony from disinterested witnesses. *See United States v. Jones,* 977 F.2d 105, 109 (4th Cir.1992); *United States v. Davenport,* 884 F.2d 121, 124 (4th Cir. 1989). The Government presented evidence that Eichelberger was informed of his right to counsel in the Maryland case,

and was informed that if he could not afford counsel, the public defender would represent him. Additionally, Eichelberger had previous experience with the legal system as the result of previous convictions. Eichelberger waived his right to counsel at the guilty plea hearing and later affirmed that he elected to proceed without counsel. Eichelberger did not present evidence at the federal sentencing hearing demonstrating he did not understand the right to counsel or that his waiver was involuntary. We agree with the district court's conclusion that Eichelberger has not established his waiver was involuntary or unknowing.

Accordingly, Eichelberger's sentence is affirmed. We dispense with oral argument because the facts and legal contentions are adequately presented in the materials before the court and argument would not aid the decisional process.

*AFFIRMED.*